**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

Civil Action No. 07-CV-02260-RPM-DLW

**ROGER D. WILLBORN and
MAGELYN JAY WILLBORN,**

Plaintiff(s),

vs.

**JAMES E. BRAMWELL,
SANDRA L. BRAMWELL,
JAMES BRAMWELL, d/b/a BRAMWELL HUNTING,**

Defendant(s).

---

**ORDER RE: PLAINTIFFS'
MOTION TO AMEND COMPLAINT [DOC. #22]**

---

Plaintiffs' Motion to Amend Complaint [Doc. #22] was referred to the Magistrate Judge by the Hon. Richard P. Matsch on July 2, 2008.

Plaintiffs' Motion to Amend is to add as Defendants in this action, Kubota Tractor Corporation, PPIR Investments, LLC d/b/a Pikes Peak International Raceway, and Pikes Peak International Raceway, LLC. Plaintiffs allege that the above entities are indispensible parties in order that complete justice may be done. Defendants allege that adding new parties at this late juncture will result in additional discovery at great expense to Defendants.

## I. BACKGROUND

Plaintiffs allege that a defective tractor owned by Defendant caused injury to Plaintiffs.

The history of the case is as follows:

1. October 26, 2007, Plaintiffs filed their Complaint.

2. November 26, 2007, Defendant filed designation of potentially responsible non-parties, including unknown previous owners of the tractor.

3. March 10, 2008, deadline for amending the Complaint.

4. May 21, 2008, Settlement Conference, where Plaintiffs represented to the Defendants and the Court they would be filing a Motion to Amend Complaint to add additional parties, that became known during depositions that occurred immediately prior to the Settlement Conference.

5. July 1, 2008, the Court had a conference call with attorneys where it was learned that Plaintiffs had filed their Motion to Amend earlier that day.

## II. ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of Court to amend a Complaint shall be freely given when justice so requires. Plaintiffs were not in a position to know the history of the tractor until deposition of the Defendants occurred. The Motion to Amend was not made for the purposes of delay, rather the proposed amendment adds indispensable parties and the interest of justice outweighs the inconvenience to the Defendants, therefore;

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint is **GRANTED**.

**DATED: July 23, 2008**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court**

**may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

                                                **BY THE COURT:**

                                                **s/David L. West**
                                                **United States Magistrate Judge**