**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 07-CV-02260-RPM-DLW**

**ROGER D. WILLBORN and
MAGELYN JAY WILLBORN,**

**Plaintiff(s),**

**vs.**

**JAMES E. BRAMWELL,
SANDRA L. BRAMWELL,
JAMES BRAMWELL, d/b/a BRAMWELL HUNTING,
KUBOTA TRACTOR CORPORATION,
PPIR INVESTMENTS LLC, d/b/a/ PIKES PEAK INTERNATIONAL RACEWAY,
PIKES PEAK INTERNATIONAL RACEWAY, LLC,**

**Defendant(s).**

---

**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
PIKES PEAK INTERNATIONAL RACEWAY, LLC,
PURSUANT TO FED. R. CIV. P. 55 [DOC. #42]**

---

Plaintiffs' Motion for Default Judgment Against Pikes Peak International Raceway, LLC, Pursuant to Fed. R. Civ P. 55 [Doc. #42] was referred to the Magistrate Judge by the Hon. Richard P. Matsch on September 30, 2008. The Clerk's Entry of Default as to Pikes Peak International Raceway, LLC was entered on October 7, 2008.

**FINDINGS OF FACT**

1. Plaintiffs filed their Motion to Amend Complaint on July 1, 2008 to add Defendant Pikes Peak International Raceway, LLC, ("Pikes Peak"). The Motion was granted by this Court on July 23, 2008.

2. A Summons to Defendant Pikes Peak International Raceway, LLC, was issued by the Court on July 31, 2008.

3. Defendant Pikes Peak's registered Agent is The Corporation Company.

4. The Corporation Company was properly served on August 7, 2008. The Corporation Company informed the process server that they were not the Registered Agent.

5. Defendant Pikes Peak's Answer to Plaintiffs' Amended Complaint was due on August 28, 2008.

6. Lee Neibart, Member of the Executive Committee of PPIR Holdings Company, as Manager of Pikes International Raceway, LLC, and Mr. Neibart was properly served in this capacity on August 27, 2008.

7. Defendant Pikes Peak's Answer to Plaintiffs' Amended Complaint was due on September 16, 2008.

8. Defendant Pikes Peak has failed to answer or otherwise respond in the time provided and in accordance with the Federal Rules of Civil Procedure. Defendant Pikes Peak has thus admitted the factual allegations of the Amended Complaint, other than those allegations concerning damages. *See Burlington Northern Railroad Co. V. Huddleson,* 94 F.3d 1413, 1415 (10th Cir. 1996). Pursuant to Fed. R. Civ. P. 55, Defendant Pikes Peak is in default, and Plaintiffs are entitled to a default judgment against this Defendant.

9. This Court has both subject matter jurisdiction and personal jurisdiction over Pikes Peak. Pikes Peak is a limited liability company organized in the State of Colorado and did business in Colorado. Subject matter jurisdiction lies as the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and this Court has jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1), diversity of citizenship. Personal jurisdiction arises as Pikes Peak was

personally served within the State of Colorado and Lee Neibart, Member of the Executive Committee of PPIR Holdings Company, Manager of Pikes Peak International Raceway, LLC, was served in the state of New York and Pikes Peak had minimum contacts with this State. Pikes Peak ran the racetrack, Pikes Peak International Raceway, located in Colorado Springs, Colorado, at which the Kubota tractor was used as a demo. Thus Pikes Peak "[may] be subjected to the jurisdiction of a court of general jurisdiction in [this] state...." *United States v. Botefuhr*, 309 F. 3d 1263, 1271 (10th Cir. 2002).

10. This Court's "exercise of personal jurisdiction under state law [also]...comport[s] with the Fourteenth Amendment's due process clause." *Id.* Pikes Peak had "'continuous and systematic general business contacts' with the forum state [and is] subjected to the general jurisdiction of the forum state's courts." *Mesfin v. Five Star Vending, Inc.*, 2008 WL 4293339, *4 (D. Colo. 2008) citing *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-16 (1984).

11. Defendant Pikes Peak is not incompetent, a juvenile or in the military, therefore:

**IT IS ORDERED** that a **DEFAULT JUDGMENT** be entered as to the Defendant Pikes Peak International Raceway, LLC.

**DATED: September 28, 2009**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court**

**may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

        **BY THE COURT:**

        **s/David L. West**
        **United States Magistrate Judge**